Case number 10-0914, People v. Christopher Dobbins. And would the lawyers please approach and introduce yourself to the court. Good morning, Your Honors. Mike Borenstein, State Appellate Defender, representing Christopher Dobbins. Good morning, Your Honors. Assistant State Attorney Joan Frasier, representing the People. And I'd like to ask three minutes for rebuttal, please. That would be fine. Okay. Your Honors, while I'm here for any questions, I'm going to focus on counsel's failure to fulfill his obligation under Rule 651c, specifically his duty to amend the petition so as to adequately present his client's contentions. Your Honors, in this case, my client made a pro se contention. The trial counsel failed to explain that a consent defense in the sex case was available. That counsel explained he said he would have testified. Let's clear that. Yeah. Is it a bill with a minor victim? Well, that goes to footnote. Consent is okay? That goes to footnote. The way it was charged, the absolute consent goes to footnote 5. Do you have a case involving a minor that consent was an issue? Well, I don't have a case, but the way the state charged it. Does such a case even exist? I can say that if the state doesn't charge it. I can say that the way the state charged it, consent can't be an issue. Would the state have amended it and revised whatever you think opened the door and amended it to close that door? Because I can't imagine that consent is ever, ever an issue when we're talking about a minor victim. Well, it is to criminal sexual assault as it was charged. No, it is not a consent to aggravated criminal sexual abuse. To that count, it would not have been. Even though the victim is 13 years old? I can't tell you that they could have charged it differently. I can tell you that as it was charged, that it is not a defense to aggravated criminal sexual abuse. It is to the criminal sexual assault. Here's the rub, because I think your entire claim that counsel was unreasonable turns on whether or not consent was legitimate defense or not. Because your client believes that it was. Mr. Cohen says he had to revise it because he concluded that consent was not going to make it, it was not going to see the light of day. And therefore, that allegation would never be seen as having a plausible claim of a violation of his constitutional rights. Well, I guess what I would say to that is that People v. Suarez says that unreasonable assistance doesn't depend on whether the claim has merit. But what it does say is you have to... But what if post-conviction counsel... Yeah. What if we say, you know what, we think post-conviction counsel was correct. So how does that make him unreasonable if he was correct? If he had said, I'm not going to emphasize that issue, I'm going to go in another direction, it may have been correct. But when you take your client's sworn allegation and replace it with the totally opposite allegation, you have absolutely no chance of getting anywhere. Let me get this right. You're saying that if a pro se defendant makes an allegation that is outside the bounds of the law, and post-conviction counsel wants to amend the petition and, as the Supreme Court says, improve the language and put it in proper terms, says, you know what, that allegation is frivolous. Well, I was... If you were going to take the defendant's allegation and introduce a completely set of opposite facts with a new allegation, you have to explain that. Yes. You have to say, you have to say, it is fact, because my client in his post-state pleading said, counsel said the consent defense was unavailable. In the other one, the counsel said the exact opposite. So if you're going to say that, if you're going to file a medical complaint saying that the client's sworn statement is untrue, you have to explain it. It's no different than if you're going in with a confession against. You can't just say the confession is false. You have to say, well, it was coerced, or it was tortured out of me, or they promised me I could go home. You can't just... You know, it's not... There's nothing inherently wrong with the issue, but you have to... The six-page one sees an adequately addressed, and if you're going to contradict your post-state petition, you have to explain why you're doing that. So had he explained it, everything would be okay? As to that point, is this another point? If he had explained it, it wouldn't... Yes, I would say that. And that's what I'm wondering about. Is that really what the statute means when it talks about reasonable assistance, that reasonable assistance must include an explanation as to why you're alleged... or why you've changed the allegations to conform with the requirements of the law, but you also have the obligation to explain your amendments. Otherwise, you could be deemed to be unreasonable. In certain facts, yes, because the rule uses the term adequate. Adequate is not... Let me just stop you for a minute. Isn't all that set out by our Supreme Court gives us instructions in People v. Dobbins how to do this? Dobbins is my case. And also there's another case on that. Suarez? Suarez. Suarez, okay. Well, I mean, Suarez isn't... Maybe I'm missing something, but Suarez is... I'm not sure what case you're referring to. Okay, but there is a Supreme Court case out there, isn't there? There's a Supreme Court case that's... Well, I mean, there's a number of cases. I'm not sure... Let me ask you this, I think, bottom line question. When the Supreme Court says, and they have, they found counsel's assistance to be unreasonable, in particular when counsel fails to overcome the cause of prejudice or overcome the timeliness allegation. But the whole point of finding a counsel unreasonable is that we don't know what's going to happen on remand. There's a possibility that the PC can be fleshed out and it's going to be a stronger PC, and eventually this defendant may be entitled to relief. But if the defendant is not entitled to any relief based on the theory that he wants to pursue, why... How can you find somebody unreasonable? Well, first of all, you can find somebody unreasonable because Suarez says you don't go there, you don't go to the ultimate merits of the... But that's because there's a gist, there's a colorable claim, or I forget the other standard, but... Well, the state concedes that there may be a colorable claim. The state concedes that if we're notified that there may... Not as to the aggregate of criminal sexual abuse, but we've got to remember this is a consecutive sentencing situation. So it would have been rational for my client to, you know, basically concede that one and argue, at least as it was charged, the criminal sexual assault, which could at least theoretically have a consent offense. Because all the charges, all the criminal sexual assault charges included more than just, you know, that the complaint was underage. It included something like that my client was a babysitter or that my client knew that you could not give no one consent. The aggregate of criminal sexual abuse was, per se, no consent. The others were not. And my client could have made that choice. So it is not... Neither of them are inherently frivolous. It's when you put them together that you run into a big problem. So that's my first point. Now, there's unreasonable assistance for other reasons also. First of all, counsel failed to support his petition with an affidavit under Section 122-2. And under Turner... And I found that to be a curious point because you do cite the case that talks about affidavits, other evidence, and... Turner, yeah. Yeah, Turner. And, of course, it groups those because all those go to the merits of the allegations. And an affidavit itself, the need for a form as opposed to a verification doesn't seem to add anything to the PC. It could be verified as far as I'm concerned. I mean, in fact, you contrast Turner with the case that follows. I forget the name of the case, but you contrast Turner in your brief with the case that follows. And there they said a verification was sufficient. Why isn't a verification sufficient if its only aim is to convey the defendant's belief that these are true and correct? I don't have a policy on support. The only answer I have is Collins. Collins says that a verification is no substance. You have to have both. And we lose on that all the time, Your Honor. You know, the state brings that up and we lose in Rule 23s. And even if you don't like Collins, what's good for the goose has to be good for the gander. Well, hasn't the Supreme Court told us that the purpose of this rule is so that the petitioner's claim is adequately set forth? Yeah, that is ñ well, their contentions are adequately set forth is the ñ yeah, it is. But it doesn't say the meritorious allegations are adequately set forth. That's right. Well, what would be ñ you certainly don't want frivolous allegations adequately set forth because there's no point to that. But the case that you compare it with is People v. Delton. Right. And where it was a four-line affidavit swearing that the petition was accurate satisfied Collins. Right. And a four-line affidavit, you know, I haven't looked at it, and it's called an affidavit. Right. It's just a verification. But a four-line anything suggests that there were no factual allegations in there. Well, I mean, I'll ñ It was simply a statement that everything set forth in the petition, which is the critical pleading, is accurate. I mean, from a common sense point of view, I don't really have an argument with that. All I can say is that, you know, Collins works against the criminal defense all the time, and works the other way. It has to be applied just as strictly. All right. So that's ñ all right. So I want to go to some other reasons that counsel failed to adequately present his client's intentions. All right. So first, the affidavit. I mentioned that. Second, counsel, as in Turner, showed the most basic ignorance of his burden in what he had to prove to get him an entry hearing. He thought he was at the first stage. He thought he had to show a gist. And he thought that a clash between the pro se and amended petitions created a factual dispute that required an evidentiary hearing. Well, that's not required as an evidentiary hearing. And so ñ Let me ask you this. Yeah. Is there really a difference between ñ in terms of the pleadings, between the first stage and the second stage? I'm not ñ sorry. In terms of the way the pleadings are, well, I guess ñ Once you're at the second stage, you know, that you skipped over the first stage didn't make any difference. The first stage and the second stage, except for the state's right to file a motion to dismiss, which is what they did in this case, I guess. Right. Interesting. But the confusion, I'm saying, didn't prejudice your client. It may have prejudiced because the defense counsel thought that if he amended the petition, the amended petition to clash with the pro se allegations, you've got a factual discrepancy that would harm an evidentiary hearing. And if he had realized that wasn't the case, he might not have done that. But we review both the first stage and the second stage petitions de novo, and we can determine whether or not they're adequate. Of course, you can't get to an evidentiary hearing without making a substantial showing of a constitutional violation. With affidavits and supporting everything else. Well, that's the way you make a substantial showing. Yeah. So, I mean, so unless he understands his burden, I don't think you can presume that. I couldn't believe that he didn't understand his burden. Well, I mean, I mean. But it certainly is. There's suggestions. He didn't only have to set forth the gist. Yeah. And I would say it's not just. It was not just an off. I'm sorry, Your Honor. I said he kind of did say he didn't know what he was doing when he said he only had to set forth the gist of a constitutional claim at that point. And I would say it wasn't an off the cuff comment because there were similar comments in the hearing, but also in his responsive motion to the state's motion to dismiss and in his motion for reconsideration. So there were three types. So that's my answer to that. And the other point, which I already raised, was that counsel failed to answer the question this petition begged in terms of why would you make a 180. So unless there was any other questions. All right. So I'll just save some time. Well, I do have one last question regarding the confusion. Yeah. The first case here that involved a confusion. Yeah. Regarding Gates. Yeah. I don't know if you were sitting here for it. But confusion and misspeaking happens. On occasion it happens. And we don't simply remand just because someone misspeaks, says gist, instead of saying second stage review. We need something more than that. We don't send everything back. That's true. But Turner resent that because defense counsel did four things wrong, one of which was show ignorance of the most basic post-conviction procedure. And the difference between stage one and stage two is central to post-conviction procedure. And, again, he did it three times. It wasn't just a slip of the tongue, as I got the sense it might have been in your civil case. All right. He also did it in writing. And he did it in writing. In your case. That's good. It wasn't just verbal. It was in writing. So I would ask that this be remanded for more proceedings. Okay. Thank you. Thank you. Okay. Ms. Banks? Good morning, Renders. May it please the court, Joan Frazier on behalf of the people. The first argument we'd like to present is that the defendant has presented a claim before this court that is not recognizable. The Post-Conviction Act is very clear that it affords relief for constitutional issues only. Defendant Ed Barr is not challenging any of the substantive issues that were raised below. He's only challenging whether he received reasonable assistance of counsel. The Act affords no relief for that. Our position is that once defense counsel files a Rule 651- But it sounds like you're going to the merits and saying, look at the merits, there aren't any, and therefore reasonable assistance had to, I mean, it didn't make any difference. But according to Turner, we don't look at the merits. We simply look at counsel's assistance and we decide whether or not it was reasonable or not. Our position is that the Act affords only relief for constitutional issues. And the question whether defense counsel afforded reasonable assistance is not constitutional in nature. It's purely statutory. And that was a holding in Rossi. And that's what we're going to do. We're not granting any kind of relief if we were to uphold. We would simply send it back for further proceedings under the post-conviction statute and say, you know, do the second stage over again. Well, that would afford defendant another bite at the apple, which he's not entitled to. But in the end, if it's frivolous, where's the harm? Well, there might not be any harm. But the point is that reading the statute on its own terms, all it affords is constitutional relief. And as I say, this was the holding in Rossi and in Culp where the court found that a defendant who raises a purely procedural or non-constitutional issue is not entitled to relief under the Post-Conviction Hearing Act. Once defense counsel files the Rule 651C certificate, the presumption is there. Reasonable assistance was afforded. If defendant wants to raise the issue in a successive post-conviction petition as a basis for arguing cause and prejudice, he's entitled to do that. He can't raise, he can't rely on the unreasonable assistance of post-conviction counsel to establish cause and prejudice. It's arguable. But anyway, what do we make of the confusion expressed by counsel verbally, orally, and in writing regarding what stage the post-conviction proceedings was at? It makes absolutely no difference, Your Honor. But doesn't it make a difference in terms of whether or not his assistance was reasonable? It doesn't make any difference because there's nothing more he could have done. He filed, defendant hasn't mentioned, but he filed the amended petition, he filed a memorandum of law, he presented an argument, he filed a motion to reconsider. And I would also point out to the court that in Mendoza there was also a mistake, and the court said it's of no moment because that wasn't the trial court's basis for his opinion. And that holds true in this case, too. Even though defense counsel cited the wrong standard, the court cited the correct standard in its order dismissing the petition. And therefore, to the extent counsel may have been confused, it makes no difference in what he did or in how the court reviewed the merit of the claims. The court ruled here on the basis of your office's motion to dismiss? That's correct, Your Honor. So what you're telling me is under 651, a lawyer has a license to be ineffective? No, Your Honor. An attorney, of course not, an attorney has to provide reasonable assistance. And in these circumstances, when we look towards the definition of reasonable, it's set out by Rule 651C, and that's what the Illinois Supreme Court has held. Those are the three things that an attorney must do. How do we get around Turner, the Supreme Court case in Turner, where it did find unreasonable assistance to post-conviction counsel defense? That's true, Your Honor. We would concede that there have been cases where the court found a reasonable assistance. How do we get around it? Well, we would only point out that, A, other courts, the cases I've cited have held differently, and one of those cases postdated Turner. And, two, it hasn't been squarely challenged in the Illinois Supreme Court. So the way you're saying it, we don't necessarily have to follow our Supreme Court? No, Your Honor, you do. But I'm saying this particular point has not been litigated in the Illinois Supreme Court. And as I say, in Rossi, which hasn't been overturned, they held what I'm suggesting, that it's not a cognizable claim. Even if it is cognizable, the defendant has failed to show that counsel provided unreasonable assistance. As counsel has said this morning, we don't look at the merits. This is not a Strickland-type analysis. This is a much lower standard than Strickland. In Strickland, we could argue prejudice. This is a much lower standard. You're only looking at three things. Did the attorney consult with the defendant? He said he did in his certificate, and the defendant never disputed that. Did he review the record? He said he did in his certificate. The defendant never disputed that. Did he amend the petition? He said he did a jury trial in one place and a plea in another, didn't he? I'm sorry? In these pleadings, didn't he say, in his, I'm sorry, in something that the lawyer wrote, I think it was in the memorandum, didn't he refer to, oh, I'm sorry, in his 651C certificate, that he had reviewed the record from the jury trial? And it was the bench trial, so that was another error that he made. And, Ms. Treasurer, your argument seems to suggest that it's an irrebuttable presumption because it isn't, and why don't the facts here, as just pointed out by Justice Lampkin, rebut the presumption that the 651A affidavit was, you know, the reasonableness was complied with because he made too many mistakes? He made a few mistakes, but none of them would have made any difference. There's a bottom line here, and that is that. So you're adding prejudice in here now? Yeah, that's right. What do you mean, it wouldn't have made any difference? But that's, again, to return to the beginning, the question is one of reasonableness. What is reasonableness? His defense counsel has performed those three duties. He did perform those three duties. Does the defendant agree with what he, the way he amended the petition? At this stage, no, he doesn't agree with it. Does that mean the defense counsel was inadequate? It doesn't mean that. You see, I don't think that that's the issue. I think Turner is telling us that a defendant has the right to present his claim in the proper legal manner, and that's why a lawyer is retained to give him effective assistance of counsel. Am I wrong? Well, if defense counsel looks at the defendant's claim and decides that it has absolutely no merit. Well, then he has certain things that he could do. Well, if defense counsel in this case. Like withdraw from the case and show that there's no meritable case? Well, in this case, if defense counsel had presented the claim the defendant did in his pro se petition, he'd be here arguing now that he didn't present an adequate claim because it's hard not to talk about the merits, but he would have been saying it wasn't adequate. Counsel made a tactical choice. Defendant disagrees with it, but it doesn't mean that it was unreasonable. If this was Strickland, you'd say, well, you can't show prejudice. This is a much lower standard. He obviously reviewed the record. Was there some sloppiness? Yes. Nothing is obvious to me. Well, all I can say, Your Honor, is that he filed his motion. He presented a memorandum of law in support of it. He presented argument on it. He presented a motion to reconsider. That's very different. And he was confused through the whole thing, wasn't he? There was some sloppiness in it. I'll agree with that. But was it unreasonable? Defendant hasn't shown that. Let me ask you this. If this were a review of the circuit court's order, saying that substantial showing wasn't made, entitling the defendant to an evidentiary hearing, and dismissing his post-conviction petition, our review would be de novo. But the allegation here is the counsel who assisted him in amending the post-conviction petition was unreasonable under the statute. Correct. What's our standard of review? I mean, the circuit court never ruled on that question, did it? Well, it's still de novo. I mean, the question is whether he's rebutted the presumption at this stage. If you believe it's recognizable. But the circuit court never ruled on that question, did it? No, it didn't, Your Honor. All right, well, thank you. Unless you have something else to wrap up with. Yeah, if you do. Well, just to wrap up, I want to repeat myself. But, again, we don't feel it was reasonable. We feel that counsel provided reasonable assistance. Was it an excellent job? No, I don't think it was. Did he provide a reasonable lower level of assistance? Yes, experienced counsel did. And, again, the last thing I would say, I'd compare the case to Myers, where defense counsel didn't file a 651 certificate, and he admitted that all he did was review the appellate court brief. And the court found that, therefore, that was unreasonable assistance. And in Turner, the same thing. You have someone who met with the defendant just once in two years and then otherwise refused to communicate with him. He failed to amend the petition at all. He failed to attach any affidavits. That's what unreasonable assistance was. Was counsel in this case superior? No. Was he reasonable under the circumstances? Yes. And so we therefore ask that this court affirm the dismissal of the post-conviction petition. Thank you. A very quick question regarding the affidavit. Was the verification adequate under the statute, or did it require an affidavit? The statute calls for an affidavit or other supporting materials. Defense counsel attached dozens and dozens of pages of the trial court transcript to support the amended post-conviction petition. Under the statute, that's adequate. Thank you very much. Thank you. Your Honor, I would like to address the last point. In Turner, the lawyer also presented materials, did not present an affidavit. I hope I'm getting the right case. But that was not found to substitute for an affidavit. And unless there's any other questions, I ask that we amend for further proceedings. All right. All right. Well, thank both of you for a very interesting case, very interesting arguments. We'll take the case under advisement.